The document below is hereby signed.

Signed: July 25, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| LUDWIG AND ROBINSON PLLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 09-10023 |
| STEPHEN THOMAS YELVERTON, | ) | |
| | ) | **Not for publication in** |
| Defendant. | ) | **West's Bankruptcy Reporter** |

<u>MEMORANDUM DECISION RE DEBTOR'S BILL OF COSTS</u>

Pursuant to a Judgment entered by this court on June 2, 2010, the debtor has filed a bill of costs setting forth 34 hours of time, billed at $200/hour, and $40.00 in copying costs. Section 523(d) modifies the American rule of each party to an action bearing its own legal expenses and provides that the court may award costs and attorney's fees to a debtor who prevails on a determination of dischargeability of consumer debt action under § 523(a)(2). Here, however, Yelverton does not qualify for this

provision because the debt was not a "consumer debt" as defined by § 101(11) of the Bankruptcy Code. Accordingly, Yelverton is only entitled to recover the copying costs he incurred in defending this adversary proceeding.

A separate judgment follows.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.